J-S36019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMAR JONES, | |
| Appellant | No. 3598 EDA 2016 |

Appeal from the PCRA Order of October 31, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014691-2007

BEFORE:  PANELLA, J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 12, 2017**

Appellant, Jamar Jones, appeals *pro se* from the order entered on October 31, 2016, dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the facts and procedural history of this case as follows:

> […Appellant] entered a negotiated guilty plea to the charges of third-degree murder, criminal conspiracy, robbery and possession of an instrument of crime, generally on December 19, 2012.  On December 27, 2012 [the trial court] imposed an aggregate sentence of thirty to sixty years' incarceration upon him.  [Appellant] did not file either a post-sentence motion or a notice of appeal.
>
> On March 6, 2014, [Appellant] filed a *pro se* petition pursuant to the PCRA wherein he claimed that trial counsel was ineffective for failing to file post-sentence motions and a requested direct appeal.  Following [Appellant's] filing of his *pro se* PCRA petition, Todd Mosser, Esquire was appointed to represent him.  On September 26, 2016, Mr.

Mosser filed a "[n]o [m]erit" letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) [(*en banc*)]; **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and a [m]otion to [w]ithdraw as [c]ounsel. Upon reviewing the letter and the entire record, [the PCRA court] sent [Appellant] a Pa.R.Crim.P. 907 [n]otice of [i]ntent to [d]ismiss. [Appellant] did not file a response and on October 31, 2016, [the PCRA court] issued an order dismissing [Appellant's] PCRA petition without a hearing and granting counsel's motion to withdraw. Subsequent thereto, [Appellant] filed a timely notice of appeal.

PCRA Court Opinion, 11/17/2016, at 1-2.

On appeal, Appellant presents the following issues, *pro se*, for our review:

> 1. Whether the PCRA court erred when the court denied Appellant an appeal, *nunc pro tunc*, whereas PCRA counsel provided deficient performance for failing to investigate [Appellant's] claim that trial counsel failed to honor [Appellant's] request to file a requested appeal via numerous letters []?
>
> 2. Whether the PCRA court erred when the court determined that an evidentiary hearing will not be granted to determine if trial counsel abandoned [Appellant's] right to [a] direct appeal after [Appellant] plead [*sic*] guilty; whereas counsel's failure to file an appeal constituted ineffective assistance of counsel?

Appellant's Brief at 3 (complete capitalization omitted).

Appellant contends that he "sent numerous letters to defense counsel requesting that counsel file an appeal on his behalf[;] instead, counsel abandoned [him] during the appellate phase of the proce[e]ding." **Id.** at 5. He avers that he had "a right to appeal his sentence, even though he plead [sic] guilty, and the failure to file an appeal constituted ineffective assistance of counsel." **Id.** at 6. Appellant further claims the PCRA court

- 2 -

erred by failing to hold "an evidentiary hearing to determine if in fact defense counsel had a reasonable basis for failing to file a direct appeal on behalf of" Appellant. *Id.* at 5.

Our standard of review is well-settled:

> [A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

*Commonwealth v. Freeland*, 106 A.3d 768, 775 (Pa. Super. 2014) (citation omitted).

Further, we review the PCRA court's dismissal of a PCRA petition without a hearing for an abuse of discretion:

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.
>
>             *         *         *
>
> Before we may address the merits of Appellant's arguments, we must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court.

> Pennsylvania law makes clear that when a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. The period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended[.] This is to accord finality to the collateral review process. However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met.

*Commonwealth v. Miller*, 102 A.3d 988, 992–993 (Pa. Super. 2014) (citations and quotation marks omitted). "Any petition under [the PCRA] shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1).

In this case, the trial court imposed Appellant's judgment of sentence on December 27, 2012. Because no direct appeal was filed, his judgment of sentence became final "when the time for seeking direct review expire[d]." 42 Pa.C.S.A. § 9545(b)(3). A litigant has 30 days to file a notice of appeal from a final order, unless the appeal period falls on a weekend or legal holiday. *See* Pa.R.A.P. 903(a); 1 Pa.C.S.A. § 1908. Thus, Appellant's judgment of sentence became final on Monday, January 28, 2013. Because Appellant filed his *pro se* PCRA petition on March 6, 2014, it is patently untimely.

Appellant does not plead or prove any of the three exceptions to the PCRA's jurisdictional timing requirement. Moreover, our Supreme Court has consistently stated, "that couching post-conviction issues in terms of ineffectiveness cannot 'save' an untimely filed PCRA petition that does not

- 4 -

fall into any of the exceptions to the PCRA's jurisdictional time bar."

***Commonwealth v. Robinson***, 139 A.3d 178, 182 (Pa. 2016) (citation

omitted). Accordingly, we are without jurisdiction to address Appellant's

ineffective assistance of counsel claims and an evidentiary hearing was

unwarranted.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/12/2017